UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                        Plaintiff,<br><br>    v.<br><br>ISAIAH RICHARD MATTHEWS (7),<br><br>                        Defendant. | CASE NO: 2:23-CR-0036-TOR-7<br><br>ORDER DENYING MOTIONS TO SUPPRESS AND SEVER |

BEFORE THE COURT is Defendant Isaiah Richard Matthews' Motion to Suppress and Motion to Sever. ECF Nos. 211, 212. The motions were submitted with oral argument on February 14, 2024. The Court has reviewed the record and the files herein, heard from counsel, and is fully informed. For the reasons given at the hearing and below, the Court denies the motions.

**DISCUSSION**

1. <u>Motion to Suppress</u>

Defendant seeks an order suppressing all evidence obtained during the execution of a search warrant at his residence. He contends the affidavit in support

ORDER DENYING MOTIONS TO SUPPRESS AND SEVER ~ 1

of the warrant does not establish sufficient probable cause and is stale.

Under the Fourth Amendment, a search warrant may not issue without probable cause. U.S. Const. amend. IV. The determination whether probable cause exists is a "practical, common-sense decision" made in light of the totality of the circumstances. *Illinois v. Gates*, 462 U.S. 213, 238 (1983) ("The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place."). In determining whether a search warrant was based upon probable cause, the district court, is "limited to the information and circumstances contained within the four corners of the underlying affidavit." *United States v. Stanert*, 762 F.2d 775, 778, *amended on other grounds*, 769 F.2d 1410 (9th Cir. 1985).

Review of a magistrate judge's determination that probable cause existed for a warrant is deferential; "the duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for ... conclud[ing]' that probable cause existed." *Gates*, 462 U.S. at 238–39; *see also United States v. Kelley*, 482 F.3d 1047, 1050 (9th Cir. 2007) ("Normally, we do not 'flyspeck' the affidavit

ORDER DENYING MOTIONS TO SUPPRESS AND SEVER ~ 2

supporting a search warrant through *de novo* review; rather, the magistrate judge's determination should be paid great deference." (internal quotation marks omitted)).

> For probable cause to exist, a magistrate need not determine that the evidence sought is *in fact* on the premises to be searched, or that the evidence is more likely than not to be found where the search takes place. The magistrate need only conclude that it would be reasonable to seek the evidence in the place indicated in the affidavit.

*United States v. Fernandez*, 388 F.3d 1199 (9th Cir. 2004) (citation omitted, emphasis in original). A magistrate is allowed to draw the reasonable inference that "[i]n the case of drug dealers, evidence is likely to be found where the dealers live." *United States v. Angulo–Lopez*, 791 F.2d 1394, 1399 (9th Cir. 1986).

Here, Defendant's wife's telephone had a substantial amount of contact with "JUNIOR" the drug distributor. Additionally, drug courier vehicles went to Defendant's house 33 different times between October 28, 2022 and March 8, 2023. The last drug courier vehicle went to Defendant's house on March 6, 2023, just three days prior to the application for the search warrant. Considering all the evidence disclosed in the search warrant application, probable cause to search was sufficiently established. Also, the information was not stale.

Moreover, suppression of the evidence found in the search pursuant to that warrant is not justified if the officer's' reliance on the judge's determination of probable cause was objectively reasonable. *See United States v. Needham*, 718 F.3d 1190, 1194 (9th Cir. 2013) (quoting *United States v. Leon*, 468 U.S. 897, 926

ORDER DENYING MOTIONS TO SUPPRESS AND SEVER ~ 3

(1984) (internal citation marks omitted). The officer's reliance on the Magistrate Judge's determination of probable cause is objectively reasonable.

2. Motion to Sever

Rule 14 provides that "[i]f the joinder of offenses or defendants . . . appears to prejudice a defendant," then "the court may . . . sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). "The district court's denial of a motion to sever is reviewed for an abuse of discretion." *United States v. Fernandez*, 388 F.3d 1199, 1241 (9th Cir. 2004). "The test for abuse of discretion by the district court is whether a joint trial was so manifestly prejudicial as to require the trial judge to exercise his discretion in but one way, by ordering a separate trial." *Id*. (quoting *United States v. Baker*, 10 F.3d 1374, 1386 (9th Cir. 1993)). Severance is appropriate under Rule 14 "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *United States v. Stinson*, 647 F.3d 1196, 1204–05 (9th Cir. 2011) (quoting *Zafiro v. United States*, 506 U.S. 534, 539 (1993)). "There is a preference in the federal system for joint trials of defendants who are indicted together." *United States v. Barragan*, 871 F.3d 689, 701–02 (9th Cir. 2017) (quoting *Zafiro v. United States,* 506 U.S. at

537.) Indeed, a "joint trial is particularly appropriate where the co-defendants are charged with conspiracy." *Fernandez*, 388 F.3d at 1242.

Here, Defendant has not shown prejudice, let alone manifest prejudice, so the Court denies the motion to sever. A separate order will be entered continuing trial with the co-defendant in this case.

**WHEREFORE, IT IS HEREBY ORDERED:**

1. The Motion to Suppress, ECF No. 211, is **DENIED**.

2. The Motion to Sever, ECF No. 212, is **DENIED**.

The District Court Executive is directed to enter this order and provide copies to counsel.

DATED February 14, 2024.



THOMAS O. RICE
United States District Judge