FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 09, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ISAIAH RICHARD MATTHEWS,<br><br>Defendant. | No. 2:23-CR-00036-TOR-7<br><br>ORDER DENYING DEFENDANT'S MOTION TO REOPEN DETENTION HEARING<br><br>**ECF No. 286** |

On Tuesday, July 9, 2024, the Court conducted a hearing on Defendant's Motion to Reopen Detention Hearing (ECF No. 286). Defendant was represented by court-appointed attorney Bryan Whitaker. Assistant United States Attorney Caitlin Baunsgard represented the United States.

The Court has considered the Superseding Indictment (ECF No. 46), Defendant's Motion to Reopen Detention Hearing (ECF No. 286), the Pretrial Services Report (ECF No. 118), Magistrate Judge James A. Goeke's prior Orders (ECF No. 114, 178), Defendant's Financial Affidavit (ECF No. 111), and the arguments of counsel.

On June 28, 2023, Defendant waived the right to a detention hearing pursuant to 18 U.S.C. § 3142(f), and Magistrate Judge Goeke subsequently granted

ORDER - 1

the United States' Motion for Detention (ECF No. 99).  ECF No. 114.  Defendant later indicated that a bed date was available and requested Magistrate Judge Goeke grant release for inpatient treatment, which he declined to do.  ECF No. 178. Defendant now seeks release to his residence.  ECF No 286.

The issue of pretrial release is governed by 18 U.S.C. § 3142.  Under that statute, a judicial officer shall order that a defendant awaiting trial be (1) "released on personal recognizance or upon execution of an unsecured appearance bond," (2) "released on a condition or combination of conditions," or (3) detained pending trial.  18 U.S.C. § 3142(a).  The judicial officer shall conduct a detention hearing to determine "whether any condition or combination of conditions set forth in [§ 3142(c)] will reasonably assure the appearance of such person as required and the safety of any other person and the community."  18 U.S.C. § 3142(f).  The judicial officer shall order the defendant be detained if the United States shows either (1) by a preponderance of the evidence that the defendant will not appear as required, or (2) by clear and convincing evidence that the defendant poses a risk to the safety of any other person and the community.  *Id*.; *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991) ("On a motion for pretrial detention, the government bears the burden of showing by a preponderance of the evidence that the defendant poses a flight risk, and by clear and convincing evidence that the defendant poses a danger to the community").

ORDER - 2

Pursuant to 18 U.S.C. § 3142(g), the Court must consider the nature and circumstances of the offense charged, the weight of the evidence against the Defendant, as well as Defendant's history and characteristics, including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct and history relating to alcohol and drug abuse, and also criminal history, record concerning appearance at court proceedings, whether Defendant was under supervision at the time of the alleged offense, and the nature and seriousness of the danger to the community posed by Defendant's release.

As a preliminary matter, the Court has determined that, while Defendant has made a prima facie showing of some new evidence to support consideration of this Motion in the first instance, Defendant has ultimately failed to demonstrate the new information is material to the issue of detention pursuant to 18 U.S.C. § 3142(f).  A detention hearing may be reopened if "information exists that was not known to the movant at the time of the hearing and has a material bearing on whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f).

The pending foreclosure of Defendant's home does not constitute information that may not have been known to Defendant at the time of the previous

ORDER - 3

hearing. The Financial Affidavit filed before the initial detention hearing indicated the existence of the mortgage and that Defendant's family was selling items in order to "make monthly payments." Considering that Defendant already owed $8,000 more on the mortgage than the house was worth at the time of that filing, it would be impossible for him not to have realized that foreclosure was a very real and imminent possibility. Also, there is no evidence before this Court that Defendant's financial situation with respect to the residence has done anything other than worsened and he has thus, despite an opportunity, made no showing how him being out of custody would allow him to avoid foreclosure in this instance. Furthermore, the foreclosure proceedings do not constitute information that has a material bearing on Defendant's risks of nonappearance and danger to the community. Magistrate Judge Goeke's Orders cited several facts that led to that determination, including the allegation that rather than respond to SWAT calls to come out of the same residence, he remained for an hour smoking fentanyl that required fans to clear, none of which were overcome by the availability of inpatient treatment. Given that the current release plan does not include inpatient treatment, it is hard to see how these risks would be overcome now.

      Accordingly, **IT IS ORDERED:**

      1.    Defendant's Motion to Reopen Detention (**ECF No. 286**) is **DENIED**.

ORDER - 4

2. If a party desires that another court review this Order pursuant to 18 U.S.C. § 3145, that party shall immediately notify the Magistrate Judge and opposing counsel. LCrR 46(k)(1). The party shall then promptly file a motion for review before the assigned District Judge. LCrR 46(k)(3). If the case has not yet been assigned to a District Judge, or the assigned District Judge is unavailable, the motion shall be noted for hearing before the Chief District Judge. *Id*.

3. Defendant is bound over to Judge Thomas O. Rice for further proceedings.

**IT IS SO ORDERED.**

DATED July 9, 2024.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE

ORDER - 5